IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERTO SANCHEZ CONTRERAS<br>*Plaintiffs* | §<br>§<br>§<br>§ | |
| VS. | § | Civil Action No. 5:21-cv-823 |
| TGM DEL NORTE SA DE CV AND<br>ALEJANDRO ESPINOZA DE LEON<br>*Defendants* | §<br>§<br>§<br>§ | **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Roberto Sanchez Contreras, and files his Original Complaint against Defendants TGM Del Norte SA de CV and Alejandro Espinoza De Leon. In support thereof, Plaintiff would respectfully show the Court as follows:

## I.
## PARTIES

1.1  Plaintiff, Roberto Sanchez Contreras, is a citizen of Eagle Pass, Maverick County, Texas.

1.2  Defendant, Alejandro Espinoza de Leon (Defendant "Espinoza"), was a citizen of Mexico at the time of the subject crash. Defendant Espinoza may be served with process by serving the Chairman of the Texas Transportation Commission pursuant to Section 17.062 of the Texas Civil Practice and Remedies Code.

1.3  Defendant, TGM Del Norte SA de CV ("TGM") is a Mexican corporation with its principal place of business in Piedras Negras, Mexico. TGM is the owner of the tractor-trailer involved in the subject crash that makes the basis of this lawsuit and is also the employer of Defendant Espinoza. TGM may be served with process by serving the

Chairman of the Texas Transportation Commission pursuant to Section 17.062 of the Texas Civil Practice and Remedies Code.

## II.
### VENUE AND JURISDICTION

2.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) and/or 28 U.S.C. § 1332(a)(2) as the matter in controversy exceeds the sum of $75,00000 and the case and controversy is between citizens of different states and/or a citizen of a State and citizens or subjects of a foreign state.

2.2     This Court has personal jurisdiction over each of the Defendants because they each do business in Texas and have sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over them is proper.  This Court has specific personal jurisdiction over each Defendant.

   a.     The Court has specific personal jurisdiction over Defendant Espinoza, who is not a lawfully admitted permanent resident of the United States and is not domiciled in the United States, because he purposefully directed his activities toward the State of Texas and purposefully availed himself of the privileges and benefits of conducting business in the State of Texas.  This lawsuit arises foreseeably from the activities that Defendant Espinoza's purposefully directed toward Texas and the claims against Defendant Espinoza arise directly from his contacts with the State of Texas insofar as Defendant Espinoza committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit seek to impose liability against Defendant Espinoza for the conduct that occurred and caused injury in Texas.  The exercise of specific personal jurisdiction over

Defendant Espinoza comports with traditional notions of fair play and substantial justice and is consistent with both due process and the Texas Long Arm statute.

  b. This Court likewise has specific personal jurisdiction over Defendant TGM because it purposefully directed its activities toward the State of Texas and purposefully availed itself the privileges and benefits of conducting business in the State of Texas. This lawsuit arises foreseeably from the activities that Defendant TGM purposefully directed toward Texas and the claims against Defendant TGM arise directly from its contacts with the State of Texas insofar as Defendant TGM committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit seek to impose liability against Defendant TGM for the conduct that occurred and caused injury in Texas. The exercise of specific personal jurisdiction over Defendant TGM comports with traditional notions of fair play and substantial justice and is consistent with both due process and the Texas Long Arm statute.

  2.3 Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Specifically, the crash giving rise to this lawsuit occurred in Maverick County Texas, which is found within the Western District of Texas.

### III.
### BACKGROUND FACTS

  3.1 According to the crash report, on October 9, 2020 at roughly 4:26 pm., Plaintiff was in a stationary vehicle in the outside lane of the 1900 block of South Veterans Blvd. in Eagle Pass, Maverick County, Texas, waiting for a traffic light. While waiting there, out of nowhere, Defendant Espinoza's vehicle crashed into Plaintiff's vehicle while

attempting to turn right onto El Indio Hwy. As a result of the crash, Plaintiff suffered severe injuries.

3.2 At all times during the time of the crash, Defendant Espinoza was in the course and scope of his employment with his employer TGM. As such, Defendant TGM is liable for the acts and omissions of Defendant Espinoza under the doctrine of *respondeat superior*. Alternatively, Defendant Espinoza was the statutory employee of Defendant TGM pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq*.

## CAUSES OF ACTION AGAINST DEFENDANTS ESPINOZA AND TGM

### IV.
#### NEGLIGENCE AND VICARIOUS LIABILITY

4.1 Defendant Espinoza committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiffs' damages.

4.2. Defendant Espinoza owed a duty to Plaintiff to exercise ordinary care. Defendant Espinoza's acts or omissions of negligence include, without limitation, one or more of the following:

(a) Operating a vehicle on a public roadway while failing to keep a proper lookout;

(b) Failing to safely operate the subject tractor-trailer;

(c) Crashing into Plaintiff;

(d) Failing to pay attention to attendant traffic and driving conditions; and

(e) attempting to turn when unsafe to do so.

4.3. Defendant TGM is liable for Defendant Espinoza's conduct under the doctrine of *respondeat superior*. Defendant Espinoza was employed by Defendant TGM as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant TGM is vicariously liable for Defendant Espinoza's negligence because Defendant TGM was acting in furtherance of the business of Defendant TGM at the time of the collision and was in the course and scope of his employment or agency with Defendant TGM at the time of the collision.

4.4. Alternatively, Defendant TGM is vicariously liable as a matter of law for the negligence of Defendant Espinoza because Defendant Espinoza was a statutory employee of Defendant TGM pursuant to the Federal Motor Carrier Safety Regulations.

## DAMAGES

### V.
### ACTUAL DAMAGES

5.1. As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

### VI.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

6.1 Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
### CONDITIONS PRECEDENT

7.1     All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## VIII.
### JURY DEMAND

8.1     Plaintiff requests a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for their actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Dated:  August 30, 2021                                          Respectfully submitted,

WATTS GUERRA, LLP
4 Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
Telephone:    (210) 447-0500
Facsimile:    (210) 447-0501


By:     /s/ Jorge Mares
        Francisco Guerra IV
        State Bar No. 00796684
        fguerra@wattsguerra.com
        Jorge L. Mares
        State Bar No. 24087973
        jmares@wattsguerra.com

        and

        MICHAEL MILLER
State Bar No. 00788060
mmiller@michaelmillerlaw.com
Law Offices of Michael Miller, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Telephone:  (210) 225-6666
Facsimile:  (210) 225-2300

**ATTORNEYS FOR PLAINTIFF**